UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-63094-CIV-SINGHAL

MARILYN GONZALEZ,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law (DE [18]) and the Defendant's Motion for Summary Judgment with Supporting Memorandum of Law and Response to Plaintiff's Motion for Summary Judgment (DE [19]).[1]  Plaintiff has not filed a response to Defendant's motion, nor was a response required. See (DE [17]).  Accordingly, this matter is ripe for review.

**I.**      **PROCEDURAL HISTORY**

On June 7, 2016, Plaintiff Marilyn Gonzalez ("Plaintiff" or "claimant") applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. § 401 *et seq.* (the "Act").  Plaintiff alleged a disability onset of October 1, 2015.  The claim was initially denied on August 29, 2016, and again upon reconsideration on March 14, 2017. Thereafter, Plaintiff requested a hearing before an administrative law judge ("ALJ"),

---

[1] This pleading is duplicated in the docket as (DE [20]).

Norman Hemming, and, subsequently, appeared and testified at a hearing held on September 28, 2018. An impartial vocational expert, Randolph J. Salmons, also testified at the hearing.[2] The ALJ issued a decision on January 2, 2019, denying Plaintiff's application and finding Plaintiff was not disabled within the meaning of the Act (the "Initial Decision").

Plaintiff appealed the decision. The Appeals Council denied Plaintiff's request for review on October 15, 2019, rendering the ALJ's Decision the Commissioner's "final decision." *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff now seeks judicial review of the ALJ's Decision. Both parties have moved for summary judgment, and the motions are ripe for review under 42 U.S.C. § 405(g).

## II.     **FACTUAL BACKGROUND**

Plaintiff was born in 1964 and was 51 years old on the date last insured of June 30, 2016. Plaintiff alleged disability due to IBS, back pain, neck pain, fractured metatarsus of the feet, sprain of left ankle, adhesions problems, esophagitis, gastric problems, hiatal hernia, left knee pain, sinus problems, allergies (hives), anxiety and panic attack, osteopenia, and hip pain. Plaintiff stopped working on October 1, 2015, and this was the date that her conditions became severe enough to keep her from working. However, Plaintiff stated that she stopped working because of other reasons, stating, "I left my job at this time because my mom was sick and I needed to take care of her. When I went back to work my position was already filled and I was let go." (Tr. (DE [13]) ¶ 354, at 368 of 1449).

---

[2] The transcript identifies Mr. Salmon as Mr. Simmons, phonetically. *See* (Tr. (DE [13]) at 9).

The ALJ reviewed the evidence of the record and determined Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2016.  The ALJ found Plaintiff not disabled as defined by the Social Security Act from the alleged onset date of October 1, 2015, through Plaintiff's date last insured of June 30, 2016.

### III.    LEGAL STANDARD

Judicial review of the ALJ's Decision is limited to whether there is substantial evidence in the record to support the ALJ's finding and whether the ALJ applied the correct legal standards in making her determination.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Carson v. Comm'r of Soc. Sec.*, 440 Fed. Appx. 863, 864 (11th Cir. 2011) (citations omitted); *see also* 42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Beistek*, 139 S. Ct. at 1154; *Carson*, 440 Fed. Appx. at 864 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *accord Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence is "more than a scintilla, but less than a preponderance").  A court, however, "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).  Even if evidence preponderates against the ALJ's Decision, a court must affirm "if the decision is supported by substantial evidence."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Within this narrow role, however, courts do not act as automatons.  *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).  Rather, they "must scrutinize the record as a whole to determine if the decision reached is

reasonable and supported by substantial evidence." *Id.* (citing *Bloodsworth*, 703 F.2d at 1239). To qualify for benefits, a claimant must be disabled within the meaning of the Act. *See* 42 U.S.C. § 423 (standard for DIB). A claimant is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is one that "results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

> To determine eligibility, the ALJ employs a five-step sequential evaluation:
> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (the "Listings")?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a)(4) (evaluation process for DIB). An affirmative answer to any of the above questions leads either to the next question or, on Steps 3 and 5, to a finding of disability. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). A negative answer to any question, other than Step 3, leads to a determination of "not disabled." *Id.*

Importantly, the burden of proof rests on the claimant through Step 4. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 n.10 (11th Cir. 2004). At Step 4, the ALJ must consider: (i) the claimant's residual functional capacity ("RFC"); and (ii) the claimant's ability to return to his past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). The regulations

4

define RFC as that which an individual is still able to do despite the limitations caused by his impairments. *See* 20 C.F.R. § 404.1545(a). The ALJ will "assess and make a finding about [the claimant's RFC] on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). The RFC assessment is used to determine whether the claimant can return to his past relevant work under Step 4, and if so, "the ALJ will conclude that the claimant is not disabled." *Phillips*, 357 F.3d at 1238 (citations omitted). If a claimant cannot return to his past relevant work, then the ALJ proceeds to Step 5. *Id.*

At Step 5, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant "can make an adjustment to other work." § 404.1520(a)(4)(v); *Phillips*, 357 F.3d at 1239 (citation omitted). The ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform. *Phillips*, 357 F.3d at 1239. If the claimant can make the adjustment to other work, the ALJ will determine that the claimant is not disabled. *Id.* Conversely, if the claimant cannot make the adjustment to other work, the ALJ will determine that the claimant is disabled. *Id.* The ALJ may determine whether the claimant has the ability to adjust to other work in the national economy by either: (1) applying the Medical Vocational Guidelines (contained within 20 C.F.R. part 404, subpart P, appendix 2); or (2) using a Vocational Expert, who can opine on whether someone with the claimant's limitations can obtain employment in the national economy. *Id.* at 1239–40.

## IV.   ALJ'S DECISION

On January 2, 2019, after reviewing the evidence and conducting the requisite five-step analysis, the ALJ concluded that Plaintiff "was not disabled under sections 216(i)

5

and 223(d) of the Social Security Act through June 30, 2016, the last date of insured." (Tr. (DE [13]) at 69). At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 1, 2015, through her date last insured of June 30, 2016, based on her earnings. At Step 2, the ALJ found Plaintiff had severe impairments of Spine Disorders, Hernias, Inflammatory Bowel Disease, and Obesity. At Step 3, however, the ALJ found these impairments did not meet the criteria of any listing of impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At Step 4, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work, except she could frequently climb ramps and stairs but could never climb ladders, ropes, or scaffolds. Plaintiff could occasionally balance, kneel, crouch, stoop, or crawl; frequently reach (including overhead reaching) bilaterally; and could do unlimited handling of objects, fingering, or feeling. With this RFC, the ALJ determined that Plaintiff would be able to return to her past relevant work as an office clerk, medical assistant, and front desk clerk during the relevant period of time. Therefore, the ALJ did not proceed to Step 5 of the evaluation process.

## V. DISCUSSION

Plaintiff raises two arguments on appeal. First, Plaintiff argues the ALJ improperly discounted the opinions of Plaintiff's long-term treating physician, Dr. Nasiruddin Nazarally, M.D. ("Dr. Nazarally"). Second, Plaintiff insists the ALJ's Decision is not supported by substantial record evidence. Defendant disagrees and argues the ALJ properly evaluated the relevant medical and other evidence of record, and the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence.

Defendant further argues Plaintiff failed to prove that she was disabled during the period under consideration by the ALJ, October 1, 2015, the alleged onset date, through June 30, 2016, the date last insured.  For the reasons discussed below, the Court finds the ALJ applied the correct legal standards and the ALJ's Decision is supported by substantial evidence.

### A. Weighing Medical Opinions pursuant to 20 C.F.R. § 404.1527(c)

In determining whether a claimant is disabled, Social Security regulations require the ALJ to consider and evaluate every medical opinion received.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").  As part of his review of the evidence of record, the ALJ evaluated and weighed the opinion evidence from Dr. Nazarally, Plaintiff's treating physician.  In weighing physician opinion evidence, a claimant's treating physician's opinion is generally entitled to more weight, and an ALJ must give good reasons for discounting a treating physician's opinion.  *See* 20 C.F.R. § 404.1527(c)(2); *Winschel*, 631 F.3d at 1179 ("Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'") (citation omitted).  However, an ALJ may discount a physician's opinion, including a treating physician's opinion, when the opinion is conclusory, the physician fails to provide objective medical evidence to support his or her opinion, the opinion is inconsistent with the record as a whole, or the evidence otherwise supports a contrary finding.  *See* 20 C.F.R. § 404.1527(c)(3); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  "A treating physician's report 'may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory.'" *Crawford*, 363 F.3d at 1159–60 (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583–84 (11th Cir. 1991)).

Although physicians' opinions about what a claimant can still do or the claimant's restrictions are relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC.  *See* 20 C.F.R. §§ 404.1512(b)(2), 404.1513(b)(6), 404.1527(d)(2), 404.1545(a)(3); *see also Beegle v. Soc. Sec. Admin., Comm'r*, 482 Fed. Appx. 483, 486 (11th Cir. 2012) (finding that a "claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive").

Here, the ALJ properly weighed the opinions of Plaintiff's long-term treating physician, Dr. Nazarally.  The ALJ, however, accorded greater weight to the opinions of the State Agent medical consultant, Dr. Thomas Reny, D.O., because it was consistent with the medical evidence of record.  Furthermore, the ALJ found the evidence received at the hearing did not provide any new material or information which would significantly alter the assessment.  Although not a treating or examining physician, the opinion of a State Agency examiner, like Dr. Reny, may be entitled to great weight if supported by the evidence, as in this case.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *SSR 96-6p*, 1996 WL 374180, at *1 (July 2, 1996) ("Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.").  The ALJ properly considered Dr. Reny's opinion in light of the record as a whole.  *See Jarrett v. Comm'r of Soc. Sec.*, 422 Fed. Appx. 869, 874 (11th Cir. 2011) (holding that the ALJ did not err in assigning significant weight to state agency medical consultants instead of the treating physician "because their opinions were

8

supported by the record"); *Ogranaja v. Comm'r of Soc. Sec.*, 186 Fed. Appx, 848, 851 (11th Cir. 2006) (holding that substantial evidence supported the ALJ's decision to assign great weight to non-examining state agency physicians' opinions that "were supported by and consistent with the record as a whole"); 20 C.F.R. §§ 404.1527(b)–(c), 416.927(b)–(c) (the weight a non-examining physician's opinion receives depends on its clinical findings and consistency with other evidence). Here, the ALJ noted that Dr. Reny's opinion was consistent with the overall medical evidence of record and particularly the physical examinations; Dr. Nazarally, however, was not consistent. It is not for this Court to "'decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ].'" *Winschel*, 631 F.3d at 1178 (citation omitted).

### B. Supported by Substantial Evidence

Next, Plaintiff argues the ALJ's Decision is not supported by substantial evidence. Plaintiff argues the RFC is deficient because it does not adequately account for limitations assessed by Dr. Nazarally. This argument flows from Plaintiff's previous argument that the ALJ erred in not giving greater weight to the opinions of Dr. Nazarally. But Plaintiff's argument regarding the weight given to these medical opinions has already been addressed and rejected.

A claimant's RFC is the most a claimant can do despite the limitations caused by her impairments. *See* 20 C.F.R. §§ 404.1545, 416.945. Along with age, education, and work experience, the ALJ considers a claimant's RFC in determining whether the claimant can work despite the impairment. *See* 20 C.F.R. §404.1520(f); *see also Lewis*,125 F.3d at 1440. Ultimately, the responsibility for determining a claimant's RFC rests with the ALJ, and the ALJ is not required to give any special significance to the opinion of medical

9

sources on the issue. *See Lewen v. Comm'r of Soc. Sec.*, 605 Fed. Appx. 967, 968 (11th Cir. 2015) (upholding ALJ's RFC finding that accounted for medical opinions not specifically discussed by the ALJ). Here, the Court finds no error in the ALJ's RFC determination, which is supported by substantial evidence.

Here, the ALJ properly evaluated and weighed Dr. Nazarally's opinion and stated good cause for assigning his opinion little weight, "including mild imaging results and stable findings upon physical examination." (Tr. (DE [13]) at 65); *see e.g.*, *Iordan v. Comm'r Soc. Sec. Admin.*, 579 Fed. Appx. 775, 778 (11th Cir. 2014) (incorporating into RFC only those medical opinions that were supported by the record). The ALJ properly considered the relevant evidence in assessing Plaintiff's RFC. (Tr. (DE [13]) at 63–68). The ALJ found, during the period under consideration, from the alleged onset date of October 1, 2015, to the date last insured of June 30, 2016, Plaintiff had the RFC to perform light work.[3] *Id.* at 64; *see also id.* at 67 ("Overall, the record shows that the claimant could perform a reduced range of light work during the relevant period."). "Furthermore, Dr. Nazarally's report was dated September 2018." *Id.* at 65. The ALJ found such report was unsupported as "it is unclear whether the limitations assessed were present during the relevant period." *Id.* An ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford*, 363 F.3d at 1161. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law (DE [18]) is **DENIED**. The Defendant's Motion for

---

[3] "The vocational expert testified that the Dictionary of Occupational Titles (DOT) classifies the demands of the claimant's past relevant work as an office clerk, . . . medical assistant, . . . and a front desk clerk, [as] light exertional . . . ." (Tr. (DE [13]) at 69).

10

Summary Judgment with Supporting Memorandum of Law and Response to Plaintiff's Motion for Summary Judgment (DE [19]) is **GRANTED**.  Furthermore, the Administrative Law Judge's Decision is **AFFIRMED**.  Pursuant to Federal Rule of Civil Procedure 58, final judgment will be entered separately.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of February 2021.

*[signature]*

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF